The Honorable Richard Alldritt State Representative, 105th District State Capitol, Room 302-S Topeka, Kansas 66612
Dear Representative Alldritt:
You request our opinion concerning whether a county may use its home rule power to enact a resolution prohibiting Class I injection wells. An injection well is a well into which fluids are injected.40 C.F.R. § 144.3; K.A.R. 28-46-2. There are two types of Class I injection wells: wells that are injected with hazardous waste material and wells that are injected with nonhazardous waste material.40 C.F.R. § 144.6(a); K.A.R. 28-46-3 and K.A.R. 28-46-1et seq.
A county is empowered to transact all county business and perform such powers of local legislation as may be appropriate subject to the restrictions and prohibitions set forth in K.S.A. 1996 Supp. 19-101a. MIssouriPacific Railroad v. Board of Greeley CountyCommissioners, 31 Kan. 225, 226 (1982). K.S.A. 1996 Supp. 19-101a provides that counties are subject to all acts of the legislature which apply uniformly to all counties. Basically, the county is prohibited from enacting any legislation which is contrary to or in conflict with any act of the state legislature which is of uniform application to all counties. Greeley, supra. Initially, we must determine whether there is a state law regarding Class I wells that is uniformly applicable to all counties.
The treatment, storage and disposal of hazardous waste is regulated under the authority of the federal Resource, Conservation and Recovery Act (RCRA) at42 U.S.C. § 6921 et seq. Pursuant to 42 U.S.C. § 6926(b), a state may operate its own hazardous waste program in lieu of the federal program if the state plan is approved. The State of Kansas has operated its own program, codified at K.S.A. 65-3430 et seq., since 1983.40 C.F.R. § 147.850. State programs must comply with federal law but may impose more stringent requirements.42 U.S.C. § 6929; 40 C.F.R. § 145.1.
A Class I hazardous waste injection well is a hazardous waste disposal facility under state law. K.S.A. 65-3430(f). No person can construct such a facility without a permit issued by the Kansas Department of Health and Environment (KDHE) and there are stringent requirements designed to protect the public's health and the environment. K.S.A. 65-3431, K.S.A. 65-3433, 65-3439, K.A.R. 28-46-1 et seq. K.S.A.65-3433(c) provides that "no local ordinance, permit or other requirements may prohibit the construction or modification of such a [hazardous waste] facility or restrict transportation to the facility." K.S.A. 65-3438
provides that "no local ordinance, permit or other requirements may prohibit operation of a facility having a permit under this act." (Emphasis added.)
In determining whether a legislative enactment is applicable uniformly, such a legislative intent must be clearly evident before denying a city or county the right to exercise its home rule power. Claflin v.Walsh, 212 Kan. 1 (1973). It is our opinion that K.S.A. 65-3433 and 65-3438 are uniformly applicable to all counties and they evidence a clear legislative intent to preclude counties from enacting legislation that would prohibit the construction or operation of Class I hazardous waste injection wells. Any attempt to ban such wells would conflict with those statutes and, therefore, a county may not use its home rule power to ban these injection wells.
Home rule is also prohibited when state law preempts the field. Blevins v. Hiebert, 247 Kan. 1 (1990);McCarthy v. City of Leawood, 257 Kan. 566 (1995). Attorney General Stephan concluded that a county is precluded from using its zoning power to prohibit the location of hazardous waste incinerators because the statutes regulating hazardous waste are comprehensive and manifest an intent to preempt local action that would nullify a state permit. Attorney General Opinion No. 88-16.
 "In Missouri Pacific Railroad v. Board of Greeley County Comm'rs, 231 Kan. 225 (1982), the court held that counties were empowered to perform local legislation as may be appropriate. However, if the state legislature manifests a clear intention that state law is applicable throughout the state, then the local body is preempted from enacting ordinances which are conflicting. 231 Kan. at 227. We believe that such intent is manifest in the hazardous waste statutes. The Secretary of health and environment issues permits to treatment facilities. K.S.A. 65-3433(a). A local ordinance, permit or other requirement may not prohibit construction or modification of, or transportation to a facility . . . or prohibit the operation of such a facility. (Citations omitted).
 "As in Missouri Pacific Railroad, the legislature has enacted a comprehensive regulatory framework, and has manifested an intent to preempt local action which would nullify a state permit. While the term `local' is not defined for purposes of this act, it is our opinion that it includes counties. It is therefore our opinion that a county could not enact a resolution, through its zoning powers or otherwise, prohibiting a hazardous waste treatment facility within its borders." Attorney General Opinion No. 88-16.
[Before leaving this area of home rule, we acknowledge that Blevins v. Hiebert, supra recognized a species of home rule which concerned a local government's exercise of police power which may, arguably, provide more authority to regulate in an area governed by a uniform law. However, Blevins acknowledged that a local government's power to legislate in the exercise of its police power requires that the ordinance or resolution not conflict with state law or that state law not preempt the field. In this situation, a resolution banning Class I hazardous waste wells would conflict with K.S.A. 65-3433(c) and 65-3438.]
The Resource, Conservation and Recovery Act may also preempt a county's ability to ban Class I hazardous waste wells. The Tenth Circuit has concluded that local ordinances that amount to an explicit or de facto ban of an activity that is otherwise encouraged by the RCRA will be preempted. Blue Circle Cement, Inc. v. Board ofCounty Comm'rs of County of Rogers, 27 F.3d 1499 (10 Cir. 1994), on remand 917 F. Supp. 1514 (1995). InBlue Circle, the Court reviewed a zoning ordinance which required a conditional use permit to establish a hazardous waste treatment site within the county. The county unsuccessfully argued that the RCRA's "saving clause", codified at 42 U.S.C. § 6929, allowed such a permit. 42 U.S.C. § 6929 provides, in part, that "nothing in this chapter shall be construed to prohibit any state or political subdivision . . . from imposing any requirements, including those for site selection, which are more stringent than those imposed by such [federal] regulations." The Court acknowledged that Congress explicitly intended not to foreclose state and local oversight of hazardous waste management but concluded that the county could not imperil the goal of the RCRA which is to minimize the use of land fills to dispose of hazardous waste.
Class I wells that are injected with nonhazardous materials are also regulated by KDHE pursuant to K.S.A.65-171d which authorizes the agency to enact regulations that protect state water sources. K.A.R. 28-46-1 et seq. However, there are no preemptive statutes similar to K.S.A. 65-3433(c) and 65-3438 that apply to such wells and no comprehensive statutory scheme that would preempt a county from using its home rule power to ban them. Consequently, it is our opinion that a county may use its home rule power to enact a resolution prohibiting Class I nonhazardous waste injection wells but may not use such power to prohibit Class I hazardous waste injection wells.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm